IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BARBARA SPICKNALL | * | |
| Plaintiff, | * | Civil Action No. RDB-15-3418 |
| v. | * | |
| WILLIAM R. SPENCER, | * | |
| Defendant. | * | |

\* * * * * * * * * * * *

## **MEMORANDUM OPINION**

Plaintiff Barbara Spicknall ("Plaintiff" or "Spicknall") brings this action pursuant to 42 U.S.C. §§ 1983 and 1988 against Defendant William R. Spencer ("Defendant" or "Detective Spencer"), alleging violations of her rights under the Fourth and Fourteenth Amendments of the United States Constitution and Articles 24 and 26 of the Maryland Constitution.[1] Specifically, Spicknall claims that she suffered an unreasonable seizure when Detective Spencer deliberately or recklessly provided false identification information to a grand jury and the drafter of her arrest warrant, leading to her unlawful arrest. In short, she claims that an arrest warrant was issued in connection with the activity of another woman in Pennsylvania, bearing a similar name. As a result, Spicknall, an Anne Arundel County resident of 50 years with no criminal history, was held for seven days at the Baltimore City Detention Center.

---

[1] The Original Compliant (ECF No. 1) names Detective Spencer and the State of Maryland as Defendants. In response to Defendant Spencer's Motion to Dismiss (ECF No. 9), Plaintiff filed a Second Amended Complaint (ECF No. 14) naming only Detective Spencer.

Currently pending before this Court are Defendant's first and second Motions to Dismiss for Failure to State a Claim, or in the Alternative, for Summary Judgment (ECF Nos. 9, 15). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons stated below, Defendant's first Motion to Dismiss for Failure to State a Claim, or in the Alternative, for Summary Judgment (ECF No. 9) is MOOT[2] and second Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for Summary Judgment (ECF No. 15), construed as a Motion to Dismiss, is DENIED.

## BACKGROUND

This Court accepts as true the facts alleged in the plaintiff's complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). This action arises from the alleged unlawful and unconstitutional seizure of the Plaintiff, Barbara Spicknall, pursuant to an erroneous arrest warrant. At some point between May 2012 and December 2012, officers of the Baltimore City Police Department ("BCPD") intercepted a phone call between Troy Maisel and Kristen Mummert ("Mummert"), a resident of Gettysburg, Pennsylvania, in which an illicit drug transaction was planned. Second Am. Compl. ¶ 5. On September 25, 2012, BCPD Detective William Bearde and Drug Enforcement Agency ("DEA") Special Agent Grob observed Barbara Melton ("Melton"), also of Pennsylvania, purchase nineteen gel caps containing heroin. *Id.* ¶¶ 6, 22. The BCPD subsequently conducted a traffic stop of the vehicle carrying Mummert and Melton. *Id.* ¶ 7.

---

[2] Because this Court granted Spicknall's subsequent Motion for Leave to File a Second Amended Complaint, Spencer's first Motion to Dismiss (ECF No. 9) is MOOT.

After the traffic stop, the BCPD and DEA produced separate reports of the incident. *Id.* The BCPD Report contained Melton's address and date of birth. *Id.* The DEA Report contained Melton's social security number, telephone number, SID number,[3] NADDIS number,[4] FBI number, address, and driver's license number. *Id.* Spicknall contends that Detective Spencer of BCPD was the lead investigator into the alleged heroin dealings of Mummert and Melton. *Id.* ¶ 8.

On December 10, 2012, Detective Spencer allegedly provided testimony on Melton before a Baltimore grand jury. *Id.* ¶ 9. The grand jury then indicted Melton with conspiracy to possess heroin and conspiracy to distribute and dispense heroin. *Id.* ¶ 11. The indictment, however, erroneously listed Spicknall's address, date of birth, and SID number underneath Melton's name. *Id.* ¶ 11. On that same day, Piper McKeithen, Assistant State's Attorney for Baltimore City, filed a Motion for Issuance of Warrant that likewise named Melton, but again listed Spicknall's personal information. *Id.* ¶ 12. The warrant issued later that day thus contained Spicknall's information. *Id.* ¶ 13. Spicknall alleges that Detective Spencer was responsible for providing the State's Attorney's Office with this information and that the person who drafted the warrant application relied on the information that Detective Spencer provided. *Id.* ¶ 10. She also alleges that Detective Spencer provided false statements and omitted material facts in his testimony before the grand jury, leading the jury to find probable cause for her arrest. *Id.* ¶ 32. Spicknall acknowledges, however, that Detective Spencer's testimony before the grand jury is sealed. *Id.* ¶ 9.

---

[3] SID stands for "State Identification Number."
[4] NDDIS stands for "Narcotics and Dangerous Drugs Information Systems."

On March 14, 2013 an Annapolis Police Department officer arrested Spicknall, an Anne Arundel County resident of fifty years with no criminal history, pursuant to the warrant. *Id.* ¶¶ 15, 21. Spicknall unsuccessfully attempted to convince the Annapolis Police Department that she was not the person they sought to arrest. *Id.* ¶ 16. She allegedly explained that she had abandoned her maiden name, "Melton", over twenty-five years ago when she married her current husband. *Id.* Spicknall was ultimately detained for seven days at the Baltimore City Detention Center. *Id.* ¶¶ 18-19. She was released on March 21, 2013 and all charges against her were dismissed on April 10, 2013. *Id.* ¶¶ 19-20.

On November 9, 2015, Spicknall filed the present action against Defendant Spencer and the State of Maryland alleging violations of her rights protected by the Fourth and Fourteenth Amendment of the United States Constitution. Detective Spencer subsequently moved to dismiss (ECF No. 9) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In response, Spicknall filed a Second Amended Complaint (ECF No. 14) naming only Detective Spencer. Detective Spencer now moves to dismiss the Second Amended Complaint again pursuant to Rule 12(b)(6).

## **STANDARD OF REVIEW**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests

surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

Plaintiff's Second Amended Complaint asserts two causes of action against Defendant: unreasonable seizure in violation of the Fourth and Fourteenth Amendments, U.S. Const. amends. IV, XIV (Count One), and unreasonable seizure in violation of Articles 24 and 26 of the Maryland Constitution, Md. Const. art. 24 and 29 (Count Two). In his Motion to Dismiss, Defendant argues that Plaintiff has failed to allege sufficient facts to

state a plausible claim for relief because (1) Plaintiff cannot indicate what exactly Defendant said in his testimony before the grand jury; (2) Plaintiff cannot explain precisely how the indictment and warrant for Melton's arrest came to bear Plaintiff's identifying information; and (3) Plaintiff cannot show that Defendant's actions deprived Plaintiff of her constitutional rights.[5] Deriding Plaintiff's Complaint as a "request to initiate a fishing expedition", Defendant alternatively seeks Summary Judgment on substantially the same grounds. *See* Def.'s Reply, 2, ECF No. 17. This Court will consider each Count, and the Defendant's respective arguments, in turn.

### I.   Count One—Violation of the Fourth and Fourteenth Amendment

42 U.S.C. § 1983 creates a private right of action for any United States citizen seeking to remedy alleged constitutional violations. 42 U.S.C. § 1983. Under Section 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

---

[5] Defendant also asserts that Plaintiff failed to satisfy the notice requirement of the Maryland Local Government Tort Claims Act ("LGTCA"), Md. Code Ann., Cts. & Jud. Proc. § 5-304(a). Specifically, Defendant alleges that Plaintiff failed to provide notice to the Baltimore City Solicitor as Section 5-304(c)(3)(i) requires, and that she instead filed notice with the State Treasurer. Moreover, Defendant contends that Plaintiff missed her 180-day deadline to her file notice of claim with the Solicitor. These arguments are misguided. Plaintiff sent notice to Baltimore City Solicitor George A. Nilson in a letter dated September 10, 2013; the City of Baltimore responded in a letter dated September 13, 2013. Second Amend. Compl., Exs. 5 and 6, ECF No. 14. The 180-day deadline to file notice under the LGTCA begins on the date that the plaintiff is released from prison. *See Peters v. City of Mt. Rainier*, No. GJH-14-0095, 2014 WL 4855032 at *9 (D. Md. Sept. 29, 2014); *Prince George's County v. Longtin*, 19 A.3d 859, 877 (Md. 2011). Plaintiff was allegedly released on March 21, 2013. Accordingly, her 180-day notice deadline expired on September 17, 2013. Plaintiff has thus met this deadline.

42 U.S.C. § 1983. Section 1983 does not create "substantive rights;" rather, it provides "a method for vindicating federal rights elsewhere conferred." *Thompson v. Dorsey*, Civ. A. No. ELH-10-1364, 2011 WL 2610704, at *3 (D. Md. June 30, 2011) (quoting *Albright v. Oliver*, 510 U.S. 266, 271 (1994)).

Pursuant to Section 1983, Spicknall alleges that Detective Spencer violated her Fourth Amendment rights when he provided erroneous information to the grand jury and the drafter of her warrant application. The Fourth Amendment unquestionably "prohibits law enforcement officers from making unreasonable seizures". *Miller v. Prince George's County*, 475 F.3d 621, 627 (4th Cir. 2007) (quoting *Brooks v. City of Winston-Salem*, 85 F.3d 178, 183 (4th Cir. 1996)).

To successfully state a claim for unreasonable seizure, Spicknall must show that Detective Spencer "deliberately or with a reckless disregard for the truth made material false statements" or omitted from his testimony "material facts with the intent to make, or with the reckless disregard of whether they thereby made his testimony misleading." *Miller*, 475 F.3d at 627 (quoting *United States v. Colkley*, 899 F.2d 297, 300 (4th Cir. 1990)). "Reckless disregard can be established by evidence that an officer acted with a high degree of awareness of a statement's probable falsity." *Miller*, 475 F.3d at 627 (quoting *Wilson v. Russo*, 212 F.3d 781, 788 (3d Cir. 2000)). In other words, "when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." *Miller*, 475 F.3d at 627 (quoting *Wilson v. Russo*, 212 F.3d at 788). An omission occurs with "reckless disregard" when a police officer "failed to inform the judicial officer of facts [he] knew would negate

probable cause." *Miller*, 475 F.3d at 627 (quoting *Beauchamp v. City of Noblesville, Inc.*, 320 F.3d 733, 743 (7th Cir. 2003)). Moreover, "allegations of negligence or innocent mistake" by a police officer cannot provide a basis for a constitutional violation. *Miller*, 475 F.3d at 627-28 (quoting *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). Finally, the false statements or omissions must be "material," that is "necessary to the [neutral and disinterested magistrate's] finding of probable cause." *Miller*, 475 F.3d at 628 (quoting *Franks*, 438 U.S. at 171).

In this case, Plaintiff's allegations are sufficient to plead a plausible violation of her Fourth Amendment rights. She alleges that Defendant made false statements and omitted material facts while investigating the heroin conspiracy and testifying before the grand jury. Detective Spencer allegedly made these statements and omissions recklessly because "any well trained officer" would have recognized and investigated the glaring differences between Barbara Melton, a Pennsylvania-based woman whom police witnessed purchasing heroin, and Barbara Spicknall, a lifelong Anne Arundel County resident with no criminal history. Second Am. Compl. ¶ 22. She alleges that Defendant possessed Melton's correct identifying information, recorded on the BCPD and DEA Reports, but that he recklessly provided Plaintiff's information to the grand jury and the drafter of the warrant instead. Without these misrepresentations, Plaintiff alleges, "no warrant-issuing authority would have issued an arrest warrant against Plaintiff Barbara Spicknall." *Id.* ¶ 26. These facts, taken together, are sufficient to establish a plausible claim that Defendant violated Plaintiff's Fourth Amendment rights. While Plaintiff may be unable at this early stage to explain exactly what Defendant said or did during the grand jury proceedings, Plaintiff has alleged sufficient facts

to allow this Court to make the "reasonable inference" that the Defendant violated her constitutional right. *Iqbal*, 556 U.S. at 678. She, therefore, has sufficiently alleged a Section 1983 claim.

## II.     Count Two—Violations of Articles 24 and 26 of the Maryland Constitution

The parties agree that Plaintiff's state constitutional claims under Articles 24 and 26 of the Maryland Declaration of Rights are construed *in pari materia* to her Fourth and Fourteenth Amendment claims.[6] *See Miller*, 475 F.3d at 631, n.5 ("state constitutional claims under Articles 24 and 26 of the Maryland Declaration of Rights are construed *in pari materia* to . . . Fourth Amendment claim[s]."); *Pickett v. Sears, Roebuck & Co.*, 775 A.2d 1218, 1224 (2000) ("This Court has interpreted Article 24 of the Maryland Declaration of Rights and the Due Process clause of the Fourteenth Amendment of the United States Constitution to be *in pari materia*."). Therefore, for the reasons stated above, Plaintiff has sufficiently alleged a plausible violation of his rights protected by Articles 24 and 26 of the Maryland Declaration of Rights.

## III.    Qualified Immunity

Defendant implicitly invokes qualified immunity when he argues that, in order to plead a valid Section 1983 claim, Plaintiff must first allege that the actions of the Defendant Police Officer deprived her of an actual constitutional right, and second that the right was clearly established at the time of the alleged violation. To survive a motion to dismiss on qualified

---

[6] Defendant argues that Article 24 of the Maryland Declaration of Rights and the Fourteenth Amendment of the United States Constitution safeguard "the same rights" and that Article 26 of the Maryland Declaration of Rights is "essentially the state equivalent" of the Fourth Amendment of the United States Constitution. *See* Def.'s Mot. Dismiss, 7, ECF No. 15. Plaintiff does not contest this characterization, and asserts that her claims under the Maryland Declaration of Rights "survive for the same reasons that her Fourteenth Amendment claims survive". *See* Pl.'s Resp. Opp'n, 6, ECF No. 16.

immunity grounds, a plaintiff must (1) allege sufficient facts to "make out a violation of a constitutional right," and (2) the court must find that this right "was clearly established at the time of" the alleged violation. *M.C. v. Amrhein*, 598 Fed. App'x 143, 146 (4th Cir. 2015) (quoting *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). This Court has already determined that Plaintiff has sufficiently alleged a violation of her constitutional rights.

Turning to the second prong of the qualified immunity analysis, this Court must consider whether Spicknall's right to be free from seizure without probable cause was clearly established. *M.C.*, 598 Fed. App'x at 146. A right is "clearly established" when "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Henry v. Purnell* 652 F.3d 524, 534 (4th Cir. 2011) (quoting *Saucier*, 533 U.S. 194, 202 (2001)). The "salient question" this Court must ask is thus whether "the state of the law" at the time of the asserted constitutional violation gave Defendant "fair warning" that his alleged conduct was unconstitutional. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

This question demands a clear answer in the affirmative. The United Supreme Court and the United States Court of Appeals for the Fourth Circuit have long held that a police officer violates the Fourth Amendment by deliberately or recklessly making material false statements or omissions in order to obtain a warrant. *See, e.g., Franks*, 438 U.S. at 155; *United States v. Leon*, 468 U.S. 897, 923 (1984); *Miller*, 475 F.3d at 631; *Smith v. Reddy*, 101 F.3d 351, 355 (4th Cir. 1996). Defendant does not attempt to argue otherwise. Accordingly, he is not

10

entitled to qualified immunity for the alleged violation of Plaintiff's Fourth Amendment rights at this stage.[7]

## CONCLUSION

For the reasons stated below, Defendant's first Motion to Dismiss for Failure to State a Claim, or in the Alternative, for Summary Judgment (ECF No. 9) is MOOT and second Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for Summary Judgment (ECF No. 15), construed as a Motion to Dismiss, is DENIED.

Dated:     June 21, 2016

                                                                  /s/
                                                    Richard D. Bennett
                                                    United States District Judge

---

[7] This Court need not perform a similar analysis concerning Plaintiff's claims under the Maryland Constitution. Local officials and entities do not enjoy any governmental immunity in actions based on rights protected by the Maryland Declaration of Rights. *See DiPino v. Davis,* 729 A.2d 354, 371 (Md. 1999) ("Unlike in a § 1983 action and unlike in an action for some common law torts, neither the local government official nor a local governmental entity has available any governmental immunity in any action based on rights protected by the State Constitution.").